# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LAURA L. BANTZ,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 17-CV-2-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff Laura L. Bantz's Objections (docket no. 18) to United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 17), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Bantz.

## *II. PROCEDURAL HISTORY*

On January 10, 2017, Bantz filed a Complaint (docket no. 3) seeking judicial review of the Commissioner's final decision denying Bantz's application for Title II disability insurance benefits. On March 24, 2017, the Commissioner filed an Answer (docket no. 9). On June 27, 2017, Bantz filed the Plaintiff's Brief (docket no. 13). On July 26, 2017, the Commissioner filed the Defendant's Brief (docket no. 14). On August 7, 2017, Bantz filed a Reply (docket no. 15). On August 8, 2017, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On February 22, 2018, Judge Mahoney issued the Report and Recommendation. On March 8, 2018, Bantz filed the Objections. On March 15, 2018, the Commissioner filed a Response (docket no. 19).

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court "will affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id*. (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in the context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn. Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency

decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *HealthEast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

### *B. Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

3

## IV. ANALYSIS

In the Objections, Bantz argues that: (1) the ALJ erred in calculating Bantz's residual functioning capacity ("RFC")[1] because he improperly discounted Bantz's subjective complaints; (2) the ALJ erred in calculating Bantz's RFC because he did not include all of Dr. Russell Lark's proposed limitations in the RFC despite assigning great weight to the opinion of Dr. Lark; and (3) the ALJ's RFC determination was not supported by substantial evidence on the record as a whole.[2] *See* Objections at 3-11. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 10-1 through 10-8), the court shall overrule the Objections.

Bantz's first objection amounts to a request that the court reweigh the evidence relied on by the ALJ. *See* Objections at 3-8. The ALJ appropriately discussed the factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), in concluding that Bantz's subjective allegations were inconsistent with the record as a whole. *See* AR at 21-25. The ALJ found that "the mild left, upper extremity abnormalities found in diagnostic testing, [Bantz's] good mental status examination results, the longevity of the work she maintained in her former employment, and her demonstrated abilities during physical examinations" supported the RFC determination. *Id.* at 22. In reviewing the medical records, the ALJ noted that treatment records did not even reference "carpal tunnel syndrome in [Bantz's] left hand until September 2013—five-and-a-half years after the alleged onset date." *Id.* At that time, the interpreting physician diagnosed Bantz with carpal tunnel syndrome and

---

[1] RFC is "what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (quotations omitted).

[2] Bantz does not enumerate a distinct third objection. However, the Objections include argument that is only relevant to whether the ALJ's RFC determination was supported by substantial evidence. Out of an abundance of caution, the court shall interpret this argument as a distinct objection and perform a de novo review.

left ulnar neuropathy, but classified the conditions as "[m]ild." *Id.* at 23. Bantz was instructed to try Ibuprofen and a wrist brace. *Id.* Subsequent testing performed around the time of Bantz's hearing in September 2015 showed normal results that were "slightly better" than her 2013 testing. *Id.* at 602-03.

The ALJ also relied on Bantz's "activities of daily living—including those indicative of her social functioning and capacity for concentration, persistence, or pace." *Id.* at 23. The ALJ considered Bantz's report that she "remained capable of making meals daily, engaging in light cleaning, doing small loads of laundry, driving, shopping in stores, paying bills, counting change, and chatting with in-laws," and the report of Bantz's mother that Bantz "was capable of household chores, fishing, and playing with her young child." *Id.* Ultimately, the ALJ found that, while Bantz "asserts the majority of symptoms based on her subjective complaints[,] [t]here is little objective evidence to corroborate conditions that would correlate to such extreme debilitation to her left, upper extremity, as well as far fewer instances of treatment than that expected of an individual experiencing such severe pain and dysfunction." *Id.* at 25.

Bantz objects to the specifics underlying several of these findings, but her argument is essentially that the ALJ improperly weighed and evaluated the *Polaski* factors, and inappropriately discounted her subjective allegations. *See* Objections at 3-8. The court is not at liberty to reverse the ALJ's decision merely because there is conflicting evidence in the record below, even if the court would independently reach a different conclusion. *See Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) ("A decision is not outside that 'zone of choice' simply because [the court] may have reached a different conclusion had [the court] been the fact finder in the first instance."); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) ("[E]ven if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole."). Upon de novo review, including a careful consideration of the

evidence detracting from the ALJ's determination, the court finds that substantial evidence in the record as a whole supports the ALJ's consideration of the *Polaski* factors in assessing Bantz's subjective complaints. Accordingly, the court overrules the first objection.

Bantz's second objection is that the ALJ erred in calculating her RFC because he did not include all of Dr. Lark's proposed limitations in the RFC despite assigning great weight to the opinion of Dr. Lark. Objections at 9-11. Specifically, Bantz contends that "[t]he ALJ failed to include any limitation to simple, repetitive tasks on a sustained basis in a low stress environment or any similar limitations." *Id.* at 10. When determining a claimant's RFC, the ALJ considers "the medical opinions in [the] case record together with the rest of the relevant evidence." 20 C.F.R. § 404.1527(b). The ALJ alone "is responsible for determining a claimant's RFC." *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). "Moreover, '[t]he ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.'" *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008) (alteration in original) (quoting *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007)). "The ALJ is charged with the responsibility of resolving conflicts among medical opinions." *Id.*; *see also* Objections at 9 (acknowledging that "ALJs are not bound by any findings made by [s]tate agency medical consultants").

Upon review, the court finds that the ALJ properly considered the weight to give each medical opinion, alongside and in light of all other evidence in the record. *See* 20 C.F.R. § 416.927(c) (describing how the Commissioner evaluates medical opinions). The record is clear that the ALJ properly discussed each medical opinion and provided reasoned bases for the weight he gave each opinion, along with citations to the record. *See* AR at 23-25. The ALJ was not required to adopt every one of Dr. Lark's opined limitations. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not

6

required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." (quotation and alteration omitted)). The ALJ explained the rationale for his RFC determination and provided appropriate citations to the record. *See* AR at 21-25. The court finds that the ALJ's RFC determination was supported by the medical evidence and by substantial evidence in the record as a whole.[3] *See Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("To properly determine a claimant's [RFC], an ALJ is . . . 'required to consider at least some supporting evidence from a [medical] professional.'" (third alteration in original) (quoting *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001))). The court overrules the second objection.

Finally, the court overrules Bantz's third objection, to the extent it is posited, that the ALJ's RFC determination was not supported by substantial evidence. Throughout the Objections, Bantz argues that, when determining her RFC, the ALJ failed to identify inconsistencies in the record, failed to consider limitations on the "pace" at which she could perform work with one hand, failed to identify jobs that she could actually perform with her limitations and failed to properly rely on the medical evidence. *See* Objections at 3-11. As discussed above, the ALJ determined Bantz's RFC after properly considering the record as a whole, including, but not limited to, Bantz's subjective complaints, Bantz's daily activities, the medical evidence and relevant medical opinions. The ALJ acknowledged that Bantz could only perform work that could be completed with one hand and accounted for that limitation and her limitations from the mild carpal tunnel syndrome

---

[3] The court also notes that the ALJ's mental RFC does not conflict with or reject Dr. Lark's opinion. Judge Mahoney properly analyzed this issue in the Report and Recommendation. *See* Report and Recommendation at 10-12. In short, the RFC limited Bantz to unskilled work, which "encompasses a limitation to simple, repetitive tasks" like those limitations opined by Dr. Lark. *See id.* at 10 (quotations omitted). While the ALJ did not adopt every single limitation given by Dr. Lark, the RFC was consistent with Dr. Lark's opinion. Further, as discussed, any differences between Dr. Lark's opinion and the RFC were supported by substantial evidence in the record.

and mild ulnar neuropathy in her hand. *See* AR at 21-23, 72, 76. The court is not at liberty to reverse the ALJ's decision merely because there is conflicting evidence in the record below, even if the court would independently reach a different conclusion. *See Hacker*, 459 F.3d at 936; *Guilliams*, 393 F.3d at 801. Upon de novo review, the court finds that substantial evidence in the record supported the ALJ's RFC determination. The ALJ's assessment of Bantz's RFC was correct and the ALJ's conclusion that benefits should be denied was supported by substantial evidence.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 18) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 17) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3) The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 28th day of March, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA